**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARL LANE, ) | Civil Action No.   11 - 893 |
| Plaintiff, ) | |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| RICHELLE L. ZIRKLE, Librarian; ) | |
| RHONDA HOUSE, Grievance ) | |
| Coordinator and C/O WORSTELL, ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Plaintiffs' motion to proceed *in forma pauperis* (ECF No. 3) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiffs' failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

### II.     REPORT

On July 25, 2011, Plaintiff Carl Lane, a prisoner presently confined at the State Correctional Institution at Dallas, Pennsylvania, attempted to commence the present action by filing a Motion to Proceed *In Forma Pauperis* (IFP) (ECF No. 3) accompanied by a civil rights complaint.   Because this is not the first action either Plaintiff has filed in federal court, this Court is required to review this action under the directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes

rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1] Court records indicate that Plaintiff has had three prior actions dismissed that count as strikes under the PLRA. *See* Lane v. Gay, et. al, Civil No. 07-004 (W.D. Pa. Sept. 17, 2007) (Order granting motion to dismiss and judgment on the pleadings and denying motion to amend complaint as plaintiff did not state a claim upon which relief could be granted); Lane v. Reilly, et. al, Civil Action No. 04-952 (W.D. Pa. April 6, 2007) (Order granting motion to dismiss and dismissing claims against unserved defendants for failure to state a claim upon which relief may be granted); and Lane v. Stidd, Civil Action No. 07-1113 (M.D. Pa. February 9, 2007) (Order dismissing plaintiff's complaint pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted).

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed in

---

1. The Court of Appeals for the Third Circuit has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g). *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, a plaintiff must allege facts showing that they were in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

In addition, in upholding the constitutionality of section 1915(g), Judge Easterbrook, writing for the Court of Appeals for the Seventh Circuit, found as follows.

> . . . A prisoner who suffers a threat to (or deprivation of) fundamental rights has ready access to the courts. Consider the list of options:
>
> 1. Pay the filing fee under 28 U.S.C. § 1914 using assets on hand.
>
> 2. Save up in advance to be able to pay the fee in a lump sum. (This would have taken Lewis about two months, had he deemed the litigation sufficiently important to justify using all of his income for this purpose.)
>
> 3. Refrain from frivolous litigation and thus retain full

advantage of § 1915(a), which authorizes suits without prepaying fees and costs.

4.     Borrow the filing fee from friends or relatives.

5.     Borrow the filing fee from a lawyer-for 42 U.S.C. § 1988 promises reimbursement of prevailing prisoners' legal expenses, and this plus a share of any recovery may well attract the assistance of counsel, who may (and often do) advance their clients' expenses in contingent-fee cases. . . .

6.     Sue in state rather than federal court-for § 1915(g) does not apply in state court, and states must entertain § 1983 litigation on a parity with claims under state law.

7.     If all else fails, a prisoner may sue without prepayment when "the prisoner is under imminent danger of serious physical injury." . . .

Congress was entitled to conclude that these seven options preserve adequate opportunities for prisoners to vindicate their fundamental rights. They show that § 1915(g) effects no real limit on access to courts by prisoners who use their options carefully and responsibly.

Not all of the options will be available all of the time. Prisoners who insist on both filing frivolous suits and spending their income as fast as they receive it, which Lewis has done, will find when they want to sue that options 1, 2, and 3 are closed. But Congress may take them into account, to encourage both thrift and refraining from abusive litigation. Even from an ex post perspective, however, options 4 through 7 are adequate. . . .

**Option 7, which allows suit without prepayment when "the prisoner is under imminent danger of serious physical injury", can serve its role as an escape hatch for genuine emergencies only if understood reasonably . . . The imminent-danger language must be read . . . as having a role in those cases where time is pressing and the prisoner is unable to pursue the other options in our list. When a threat or prison condition is real and proximate, and when the potential consequence is "serious physical injury," then the courthouse doors are open even to those who have filed three frivolous suits**

**and do not have a penny to their name**.

Lewis v. Sullivan, 279 F.3d 526, 530-531 (7th Cir. 2002) (internal citations omitted) (emphasis added).

Viewing Plaintiff's allegations most generously, the court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an **imminent** danger of serious physical injury" at the time of his filing the complaint which the court takes to be July 6, 2011, the date whereon he signed his complaint and the IFP application. (emphasis added). *See, e.g.*, Abdul-Akbar, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Consequently, he is not entitled to proceed *in forma pauperis* in this action.

## III.  <u>CONCLUSION</u>

Based on the discussion above, it is respectfully recommended that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

August 8, 2011

/s Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc: Carl Lane
AS - 1293
S.C.I. Dallas
1000 Follies Road
Dallas, PA   18612